Lin-Chen v. Lynch

BIA
Nelson, IJ
A094 793 307

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

LANYING LIN-CHEN, AKA LAN YING LIN,
> *Petitioner,*

v.                                          14-4588
                                            NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Michael Brown, New York, New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Arthur L. Rabin, Trial Attorney; Lindsay G. Donahue, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lanying Lin-Chen, a native and citizen of China, seeks review of a November 28, 2014, decision of the BIA affirming a September 26, 2012, decision of an Immigration Judge ("IJ") denying Lin-Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lanying Lin-Chen,* No. A094 793 307 (B.I.A. Nov. 28, 2014), *aff'g* No. A094 793 307 (Immig. Ct. N.Y. City Sept. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Lin-Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without

2

regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination, which was based on inconsistencies between Lin-Chen's and her brother's testimony, internal inconsistencies in Lin-Chen's testimony, and a lack of corroboration. First, the IJ reasonably relied on Lin-Chen's inconsistent testimony regarding whether she participated in underground church services in China or "conducted" them. She repeatedly discussed instances when she "conducted" services, but when confronted on cross-examination, stated that "conducted" meant that she was a participant. While this could be simply a misuse of the word "conduct," as Lin-Chen now argues, it also gives rise to the competing inference that she exaggerated her role in the services. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact" (internal quotation marks omitted)).

3

The agency also reasonably relied on multiple conflicts between Lin-Chen's testimony and that of her brother: Lin-Chen testified that her family went into hiding an hour away from their home; her brother described the location as half an hour away. The IJ was not required to accept Lin-Chen's brother's explanation that some family members caught a faster bus while others caught a slower bus. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Lin-Chen testified that in hiding some family members slept on the floor; her brother testified that everybody slept in a bed. Again, the IJ was not compelled to accept her brother's explanation that the wooden floor could be mistaken for a sofa bed. *Id.* Both Lin-Chen and her brother were vague regarding their joint church attendance in the United States: Lin-Chen clearly testified that they went to church before her brother's November 2011 merits hearing; her brother was certain that they first attended church together in the United States during Christmas 2011. These inconsistencies, while not on major points, are sufficient to uphold the adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the

4

fact-finder" (internal quotation marks and citation omitted)).

Finally, Lin-Chen's lack of corroborating evidence further undermined her credibility. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Lin-Chen's brother's testimony, which was offered to corroborate hers, contradicted hers in many ways, and was also vague and internally inconsistent. Lin-Chen did not present any other witnesses from her church, she presented no evidence regarding medical treatment she received after her alleged detention, and a letter from her father was entitled to minimal weight because he was an interested party not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to a relative's letter); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the agency's discretion).

Given the inconsistencies and lack of corroboration, substantial evidence supports the agency's adverse credibility determination, which is dispositive of asylum, withholding of

removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Because the credibility determination is dispositive, we do not reach the agency's finding that Lin-Chen's asylum application was untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk